IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| In re: § | |
| § | CASE NO. 15-50161 |
| **GASFRAC ENERGY SERVICES, INC.,** § | Jointly Administered |
| *et al.*,[1] § | |
| § | **Chapter 15** |
| Debtors in a foreign proceeding. § | |

## MONITOR'S EXPEDITED MOTION FOR APPROVAL OF PROCEDURES FOR THE SALE AND INVESTMENT SOLICITATION PROCESS

Now comes Ernst & Young, LLP, ("**EY**") as the court-appointed monitor (the "**Monitor**") and authorized foreign representative of the above-captioned Debtors[2] to file this Expedited Motion for Approval of Procedures for the Sale and Investment Solicitation Process (the "**Motion**"), and states:

## I.
## JURISDICTION, VENUE, AND CORE ALLEGATIONS

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 11 U.S.C. § 1501 of the Bankruptcy Code. Venue is proper in this district pursuant to 28 U.S.C. § 1410. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

## II.
## EXPEDITED RELIEF REQUESTED

The Debtors are a group of Canadian-based companies who have filed for restructuring under the Companies' Creditors Arrangement Act in Canada. The Canadian Court has appointed the Monitor for the Debtors. The Debtors are attempting to sell their assets through a court-supervised procedure. Currently pending before this Court is the *Monitor's Expedited Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The*

---

[1] The Debtors are: GASFRAC Energy Services Inc., GASFRAC Services GP Inc., GASFRAC US Holdings Inc., GASFRAC ENERGY Services Limited Partnership, GASFRAC Inc., and GASFRAC Energy Services (US) Inc.

47785392.3 - 1 -

*United States Bankruptcy Code And Related Relief* ("**Petition for Recognition**") filed at 15-50161 Dkt. 7. That Petition for Recognition is set for hearing on **January 30, 2105 at 10:00 a.m.** The Monitor requests that this Motion be heard at the same time. If the Court finds that the Canadian proceedings are foreign main proceedings, Sections 361 and 363 of the bankruptcy code will apply as to assets of the Debtors that are within the territorial jurisdiction of the United States. The Monitor seeks expedited relief because a sale procedure has already been approved in Canada that mandates a Sale and Investment Solicitation Process on an expedited basis, and the Monitor requests a similar process for United States assets.

### III.
### INTRODUCTION

The Monitor and the Debtors are attempting to sell all or a portion of the Debtors' business, undertakings, and assets, or a combination thereof. Sales procedures have already been approved by the Canadian Court pursuant to the Sale and Investment Solicitation Process. The Monitor seeks on order from this Court granting comity to the Order Re: Approval of SISP & FA Charge ("**SISP Order**") with its attached Schedule A Procedures for the Sale and Investment Solicitation Process, so that the Debtors' United States assets may be sold under the same procedure.

### IV.
### SUPPORT FOR THIS MOTION

The Monitor refers to the Monitor's Notice Of Certain Documents From Canadian Proceedings, filed contemporaneously herewith. The Monitor attaches the following Exhibits to this Motion.

| Exhibit | Description | Comment |
|---|---|---|
| A | Proposed Form of Order Granting Monitor's Expedited Motion for Approval of Procedures for the Sale and Investment Solicitation Process | |
| B | Order Re: Approval of SISP & FA Charge ("**SISP** | Order entered by |

| | |
|---|---|
| **Order**") with attached Schedule A | Canadian Court on January 23, 2015 |

The Monitor also requests that the Court take judicial notice of its files in this case. *Wilson v. Huffman (Matter of Missionary Baptist)*, 712 F.2d 206, 211 (5th Cir. 1983)(court may take judicial notice of its own files and records and draw reasonable inferences from those documents); FED. R. EVID. 201.

## V.
## BACKGROUND

### A. Reference to Detailed Background

1. The Monitor refers the Court to the Background section of the Monitor's Expedited Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief ("**Petition for Recognition**") filed at 15-50161 Dkt. 7 for more details on the background of the Debtors.

### B. Canadian Proceedings

2. The Companies' Creditors Arrangement Act ("**CCAA**") is a Canadian federal Act that affords financially troubled corporations the opportunity to restructure their financial affairs through a formal process commonly known as a "Plan of Arrangement." Corporations seeking relief under the CCAA are given the opportunity to avoid liquidation, typically allowing such corporations' creditors to receive some form of distribution for outstanding amounts owing to them while preserving the going-concern value of the corporation. The process under the CCAA is commenced by applying to the Canadian court for protection under the CCAA. The Canadian court will then issue an initial order, giving the debtor thirty (30) days of protection from its creditors to allow for the preparation of the Plan of Arrangement.

3. On January 14, 2015 the Debtors instituted proceedings under the CCAA by filing applications for the commencement of reorganization proceedings pursuant to the CCAA, in the

Matter of Gasfrac Energy Services Inc., et. al., Court File No. 1501-00396 (the "**Canadian Proceedings**"). The Canadian Proceedings are being heard in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "**Canadian Court**"). The Judge in the Canadian Proceedings is the Honourable Madam Justice K.M. Eidsvik.

4. On January 15, 2015, the Canadian Court granted an Initial Order (the "**Initial Order**") for relief in the Canadian Proceedings, a copy of which is attached as Exhibit GF-4 to the Monitor's Notice Of Filing Of Documents In Support Of First Day Motions. 15-50161 Dkt. 10.

5. Also, on January 15, 2015, the Canadian Court appointed EY as the Monitor of the Canadian Proceedings under the Initial Order. Initial Order at. ¶ 25. The Monitor's role in the Canadian Proceedings is to supervise the property and business affairs, and the Debtors are obligated to cooperate with the Monitor in this respect. Id. at ¶¶ 25-32.

6. The Initial Order also requests "the aid and recognition of any court . . . to give effect to this Order and to assist [the Debtors], the Monitor and their respective agents in carrying out the terms of this Order." Initial Order at ¶ 48. The Initial Order also allows for ["[e]ach of [the Debtors] and the Monitor be at liberty and is hereby authorized and empowered to apply to any court . . . , wherever located, for the recognition of this Order and for assistance in carrying out the terms of this Order." Id. at ¶ 49.

C. **Chapter 15 Cases**

7. Pursuant to the Initial Order, the Monitor is a foreign representative in a foreign proceeding, and hereby seeks relief under Chapter 15 of the bankruptcy code.

8. On January 15, 2014, the Monitor filed Official Form No. 1 Chapter 15 petitions for each of the Debtors pursuant to 11 U.S.C. § 1504, 1509(a) and 1515(a), commencing these Chapter 15 cases. See 15-50161 Dkt. 1.

9. Also on January 15, 2014, the Monitor filed the Petition for Recognition, seeking recognition of the Canadian Proceedings as foreign main proceedings under Sections 1515 and 1517 of the Bankruptcy Code. 15-50161 Dkt. 7.

**D.  Recent Activity in the Canadian Proceedings**

10. Prepetition, the Debtors retained CIBC World Markets ("**CIBC**") as their financial advisor to explore and evaluate the strategic alternatives available to the Debtors. On January 15, 2015, the Debtors entered into a renewed engagement agreement with CIBC to continue acting as their financial advisor. On January 16, 2015, the Canadian Court approved the renewed engagement agreement with CIBC. CIBC will advise and assist in the sales procedures described below.

11. On January 20, 2015, the Debtors filed Application by GASFRAC Group of Companies with the Canadian Court, seeking, among other things, Canadian Court approval of the sales procedures described below.

12. On January 20, 2015, the Monitor filed First Report of the Monitor with the Canadian Court, outlining the proposed sales procedures described below.

13. On January 22, 2015, the Monitor filed Second Report of the Monitor with the Canadian Court, further providing to the Canadian Court an update on the proposed sales procedures described below.

14. On January 23, 2015, the Canadian Court entered the Order Re: Approval of SISP & FA Charge ("**SISP Order**") with its attached Schedule A Procedures for the Sale and Investment Solicitation Process detailing the sales process for the Debtors' assets.

## VI.
## PROPOSED SALES PROCEDURES

15. The Debtors have developed, with input from the Monitor, CIBC and PNC Bank Canada (the major secured lender), a Sales Investment and Solicitation Process ("**SISP**") with a view to maximizing the value of its proprietary technologies and customer relationships for the benefit of its broader stakeholder group.

16. The Monitor seeks approval of the SISP as set forth in the Exhibit A Proposed Form of Order Granting Monitor's Expedited Motion for Approval of Procedures for the Sale and Investment Solicitation Process ("**Sales Procedure Order**"). The major points of the SISP, as detailed in the SISP Order and its attached Schedule A, are as follows:

- The Monitor shall supervise the SISP Procedures and shall supervise the Financial Advisor, CIBC. The Debtors are required to assist and support the efforts of the Monitor and the Financial Advisor.

- No later than January 30, 2015, the SISP will be advertised in the Daily Oil Bulletin and the Houston Chronicle and the Debtors will issue a press release with Canada Newswire designating dissemination in Canada and the United States in a form satisfactory to the Monitor.

- CIBC will deliver an information package ("**Information Package**") with respect to the Debtors' business and assets (the "**Property**") for distribution to potential bidders no later than **January 23, 2015**.

- A Confidential Information Memorandum ("**CIM**") and access to CIBC's electronic data room will be made available to prospective purchasers upon execution of a non-disclosure agreement by **January 26, 2015**.

- The deadline for bids will be **February 24, 2015** at noon MST or such other date and time as may be agreed by CIBC, in consultation with the Monitor, the Debtors, and the Secured Creditor (the "**Bid Deadline**") and late bids will not be considered.

- In order for bids to qualify for consideration ("**Qualified Bids**"), they must be: (a) received by the Bid Deadline; (b) accompanied by a deposit as specified in the SISP; (c) have no material conditions other than Court approval; and (d) open for acceptance until on or after **March 17, 2015** or such other date as specified.

- Following the Bid Deadline, the Company will work with the Monitor, PNC Bank, and CIBC to select the most favorable proposal (the "**Successful Bid**") and develop a satisfactory purchase and sale agreement.

- The Successful Bid will be selected, and a sale agreement must be executed, by **March 13, 2015**.

- Parties shall seek Canadian Court approval for Successful Bid on or before **March 17, 2015**, with approval by the United States Bankruptcy Court to follow immediately thereafter.

- Closing must occur on or before **April 3, 2015**, or such longer period as shall be agreed by the Monitor, in consultation with CIBC, the Secured Creditor, and the Debtors.

17. The Monitor notes that the timeline for the SISP is condensed but believes it to be reasonable as CIBC was previously engaged and actively working with the Company to market the Company and its business, undertakings, and assets to interested parties.

## VII.
## ARGUMENT AND AUTHORITIES

A. **If Foreign Main Proceeding, Sections 361, 362, and 363 Automatically Apply**

The Monitor contends that the Canadian Proceedings are foreign main proceedings. That issue is before this Court in connection with the Petition for Recognition. If the Court finds the Canadian Proceedings to be foreign main proceedings, certain relief is automatic. Upon recognition of a foreign proceeding that is a foreign main proceeding—

(1) sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;

(2) sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

(3) unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

(4) section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

Therefore, with respect to the Debtor's assets in the United States, this Court's approval is needed for an out-of the ordinary course sale of those assets. 11 U.S.C. § 363(b).

**B.      Discretionary Relief Under Section 1521**

In addition to the automatic relief under Section 1520(a) when a foreign main proceeding is recognized, "any appropriate" discretionary relief is available upon recognition of a foreign proceeding, whether or not a foreign proceeding is main. 11 U.S.C. § 1521(a)("Upon recognition of a foreign proceeding, whether main or nonmain, where necessary to effectuate the purpose of this chapter and to protect the assets of the debtor or the interests of the creditors, the court may, at the request of the foreign representative, grant any appropriate relief"). In granting relief under 11 U.S.C. § 1521 to a representative of a foreign nonmain proceeding, the court must be satisfied that the relief relates to assets that, under the law of the United States, should be administered in the foreign nonmain proceeding or concerns information required in that proceeding. 11 U.S.C. § 1521(c). Among that relief is:

> entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the United States to the foreign representative or another person, including an examiner, authorized by the court.

11 U.S.C. § 1521(c)(5).

Accordingly, pursuant to 11 U.S.C. § 1521(c)(5), the Monitor requests that this Court entrust the administration or realization of all of the Debtors' assets within the territorial jurisdiction of the United States to the Monitor and the Debtors, so that the assets may be sold pursuant to the SISP Order with its attached Schedule A.

C. **Extension of Comity**

Assuming that this Court finds that the Canadian Proceedings are foreign main proceedings, the Monitor respectfully requests that this Court extend comity to the SISP Order. Section 1509 states:

> If the court grants recognition under section 1517, and subject to any limitations that the court may impose consistent with the policy of this chapter . . . (3) a court in the United States **shall grant comity or cooperation to the foreign representative**.
>
> 11 U.S.C. § 1509(b)(3)(emphasis added).

A central tenet of Chapter 15 is the importance of comity in cross-border insolvency proceedings. *Ad Hoc Group of Vitro Noteholders v. Vitro SAB De CV (In re Vitro SAB De CV)*, 701 F.3d 1031, 1053 (5th Cir. 2012).

The Supreme Court defined comity as follows:

> "Comity," in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive, or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens, or of other persons who are under the protection of its laws.
>
> *Hilton v. Guyot*, 159 U.S. 113, 143 (1895); *see also Vitro*, 701 F.3d at 1043-44.

The exceptions to comity are construed especially narrowly when the foreign jurisdiction is like Canada, a sister common law jurisdiction with procedures akin to those in the United States. *Clarkson Co. v. Shaheen*, 544 F.2d 624, 630 (2d Cir. 1976)(Clear and convincing evidence of fraud is required to successfully attack a foreign judgment; the court held that it would contravene the public policy of New York and the doctrine of comity not to recognize the Canadian judgment in these circumstances); *see also In re Petition of Davis*, 191 B.R. 577, 587 (Bankr. S.D.N.Y. 1996)(stating that "Courts in the United States uniformly grant comity to

Canadian proceedings" and noting that Canada is a sister common law jurisdiction with the United States).

The extension of comity to Canadian orders has continued since the 2005 enactment of Chapter 15. *See In re Metcalfe & Mansfield Alternative Invs.*, 421 B.R. 685, 698-99 (Bankr. S.D.N.Y. 2010)(extending comity to Canadian CCAA order providing for a third party release and citing numerous cases where American courts have extended comity to Canadian judgments); *Raymond Chabot, Inc. v. Serge Côté Family Trust*, 2014 U.S. Dist. LEXIS 117128, 6 (D.S.C. Aug. 22, 2014)(entering temporary restraining order assisting Canadian bankruptcy receiver and noting "the widely-accepted view that Canadian judgments are entitled to recognition and enforcement here"); *Collins v. Oilsands Quest, Inc.*, 484 B.R. 593, 597 (S.D.N.Y. 2012)(bankruptcy court enforced Canadian court stay from in CCAA noting "the question here is not whether this Court should grant a stay in the first instance, but whether should accord comity and deference to the stay orders entered by the Alberta Court. The Court concludes that in light of the comity principles laid out above, the Court must defer to the procedures set forth in the Canadian Proceedings and enforce the stay.").

Based on the foregoing, the Monitor request that this Court extend comity to the SISP Order by entering the Exhibit A proposed Sales Procedure Order.

### D.     Section 363 and Sales Procedures

The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. 11 U.S.C. § 363(b)(1). All sales not in the ordinary course of business may be by private sale or by public auction. Fed. R. Bankr. P. 6004(f)(1). This is a Motion to establish sales procedures as described in the SISP Order and its attached Schedule A, not a motion to approve a sale under Section 363.

The Court will note that the procedure in Canada is expedited. It is contemplated that Successful Bid will be selected, and a sale agreement must be executed, by March 13, 2015, with a Canadian Court approval for the Successful Bid on or before March 17, 2015. The Monitor and the Debtors expect that they will update this Court as to the status of the sale and will be filing a motion to approve the sale when more details become available. Because it is expected that the sale hearing in the Canadian Court is to be heard on March 17, 2015, the Monitor requests that this Court set a hearing for March 18, 2015 for approval of the sale of the United States assets.

An order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise. Fed. R. Bankr. P. 6004(h). This motion only seeks approval of a sales procedure; it is not a motion to approve a sale, so Fed. R. Bankr. P. 6004(h) does not apply, but if it does, the Monitor seeks a waiver of the 14 day stay.

**E.      No Section 365/Executory Contracts Application**

Recognition of a foreign main proceeding does not result in the application of Section 365 to the Chapter 15 case. See 11 U.S.C. §§ 1520(a)(describing bankruptcy code sections applicable upon recognition of a foreign main proceeding); and 103(a)(describing bankruptcy code sections that apply in chapter 15). Accordingly, although contracts may be assigned as part of the sale, the sales procedures herein do not contemplate assumption and/or assignment of executory contracts pursuant to the requirements of Section 365.

## VIII.
## PRAYER

WHEREFORE, the Monitor respectfully requests that the Court enter the proposed Sales Procedure Order attached as **Exhibit A** to the Motion, granting the relief requested herein; and for all other relief, at law or in equity, to which the Monitor is justly entitled.

Dated: January 27, 2015

Respectfully submitted,

**NORTON ROSE FULBRIGHT US LLP**

By: ***/s/Steve A. Peirce***
    Steve A. Peirce
    State Bar No. 15731200
    steve.peirce@nortonrosefulbright.com

300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

Louis R. Strubeck
State Bar No. 19425600
louis.strubeck@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201
Telephone: (214) 855-8000
Facsimile: (214) 855-8200

**COUNSEL FOR CANADIAN MONITOR**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion has been served upon the persons entitled to notice by either U.S. first class mail, postage prepaid or by electronic notification on January 27, 2015.

*/s/Steve A. Peirce*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15-50161 |
| **GASFRAC ENERGY SERVICES, INC.,** | § | Jointly Administered |
| *et al.*, | § | |
| | § | Chapter 15 |
| Debtors in a foreign proceeding. | § | |

## LIMITED SERVICE LIST

| | | |
|---|---|---|
| GASFRAC Energy Services, Inc.<br>1900, 520-3rd Avenue SW<br>Calgary, Alberta T2P 0R3<br>CANADA | GASFRAC Services GP Inc.<br>1900, 520-3rd Avenue SW<br>Calgary, Alberta T2P 0R3<br>CANADA | GASFRAC US Holdings Inc.<br>614 South DuPont Highway<br>Dover, DE 19901 |
| GASFRAC Energy Services Limited Partnership<br>1900, 520-3rd Avenue SW<br>Calgary, Alberta T2P 0R3<br>CANADA | GASFRAC Inc.<br>615 South DuPont Highway<br>Dover, DE 19901 | GASFRAC Energy Services (US) Inc.<br>1209 Orange Street<br>Wilmington, DE 19801 |
| Borden Ladner Gervais LP<br>Centenial Place, East Tower<br>1900, 520-3 Ave SW<br>Calgary, Alberta T2P 0R3<br>CANADA | United States Trustee<br>615 E. Houston, Suite 533<br>San Antonio, TX 78205 | Harry Perrin<br>John West<br>Casey Doherty<br>Vinson & Elkins LLP<br>1001 Fannin Street, Ste 2500<br>Houston, TX 77002-6760 |
| Dickinson Wright PLLC<br>199 Bay Street, Suite 2200<br>Commerce Court West<br>Toronto, Ontario M5L 1G4<br>CANADA | Olympia Trust Company<br>2300, 125 – 9th Avenue SE<br>Calgary, Alberta T2G 0P6<br>CANADA | Internal Revenue Service<br>Special Procedures Staff<br>PO Box 7346<br>Philadelphia, PA 19101-7346 |
| Anna D. Gonzales<br>Wilson County Tax Assessor<br>2 Library Lane, Suite 1<br>Floresville, TX 78114 | Lamberti Canada Inc.<br>#15B 39207 RR271<br>Red Deer County<br>Alberta T4S 2M4<br>CANADA | Dana Transport, Inc.<br>PO Box 74286<br>Cleveland, OH 44194-4286 |
| TBM Sand & Storage Logistics, LLC<br>4750 Kimberly Farms Drive | Sourse Energy Services Logistics US LP<br>6565 N. MacArthur Blvd | Pel-State Services<br>PO Box 95386<br>Grapevine, TX 76099-9734 |

47785392.3                                 - 15 -

| | | |
|---|---|---|
| Anderson, CA 96007 | Suite 250<br>Irving, TX 75039 | |
| 3 Way Trucking Inc.<br>PO Box 1207<br>Boyd, TX 76023 | TBM Group<br>108-55202 SH825<br>Sturgeon County<br>Alberta T8L5C1<br>CANADA | DB Squared Inc.<br>PO Box 3679<br>Federal Way, WA 98063 |
| NOV Enerflow ULC<br>c/o C25057C/U<br>PO Box 2521 Stn M<br>Calgary, Alberta T2- 0T6<br>CANADA | Gibson Energy Partnership<br>1700, 440-2 Ave., SW<br>Calgary, Alberta T2P 5E9<br>CANADA | Weatherford Engineered<br>Chemistry<br>PO Box 301003<br>Dallas, TX 75303-1003 |
| HSBC Mastercard<br>PO Box 11749 Station Main<br>Montreal, Quebec H3C 6T4<br>CANADA | Stratton Oilfield Systems<br>2 Park Lane, Suite 201<br>Hilton Head Island, SC 29928 | Prop Equip Systems Inc.<br>108-55202 SH 825<br>Sturgeon County<br>Alberta T8L 5C1<br>CANADA |
| Mary E. Sandoval Dimmit<br>County Tax Office<br>PO Box 425<br>Carrizo Springs, TX 78834 | Troyer Ventures Ltd.<br>9303 – 85 Ave.<br>Fort St. John, British<br>Columbia V1J 5Z3 | Chinook Energy Inc.<br>700 – 700 2nd St SW<br>Calgary, Alberta T2P 2W1<br>CANADA |
| United States Attoreny General<br>Dept. of Justice<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530 | TX Comptroller Public Accts<br>Revenue Accounting Div.<br>Bankruptcy Section<br>PO Box 13528 Capitol Station<br>Austin, TX 78711 | TX Workforce Commission<br>TWC Bldg-Regulatory<br>Integrity Div<br>101 East 15th Street<br>Austin, TX 78778 |
| Railroad Commission of TX<br>PO Box 12957<br>Austin, TX 78711-2967 | NDIC Oil and Gas Div.<br>600 E. Boulevard Ave<br>Dept. 405<br>Bismarck, ND 58505-0840 | Ohio Dept Natural Resources<br>Div of Oil and Gas<br>2045 Morse Rd., F-2<br>Columbus, OH 43229-6693 |
| Louisiana Dept Natural Resources<br>Office of Conservation<br>PO Box 94008<br>Baton Rouge, LA 70804-9008 | Oklahoma Corp. Commission<br>Oil and Gas Division<br>2101 N. Lincoln Blvd.<br>Oklahoma City, OK 73105 | Utah Dept of Natural Resources<br>Div. of Oil Gas and Mining<br>1594 W North Temple<br>Suite 1210<br>Salt Lake City, Utah 84114-5801 |

| | |
|---|---|
| US EPA Region 6 Bankruptcy Contact<br>Fountain Place<br>1445 Ross Avenue<br>Dallas, TX 75202-2750 | PNC Bank Canada Branch<br>1 Place Ville Marie, Suite 2001<br>Montreal, Quebec H3B 2C4<br>CANADA |