

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: January 30, 2015.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 15–50161 |
| **GASFRAC ENERGY SERVICES, INC.,** | § | Jointly Administered |
| *et al.*,[1] | § | |
| | § | **Chapter 15** |
| Debtors in a foreign proceeding. | § | |

**ORDER GRANTING MONITOR'S EXPEDITED PETITION FOR RECOGNITION AS FOREIGN MAIN PROCEEDING PURSUANT TO SECTIONS 1515 AND 1517 OF THE UNITED STATES BANKRUPTCY CODE AND RELATED RELIEF**

On January, 15, 2015, Ernst & Young Inc., as the court-appointed monitor ("**EY**" or the "**Monitor**") for the above-captioned foreign Debtors filed Monitor's Expedited Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief ("**Petition**").

The Court finds that notice was proper and that no party in interest made any response in opposition to the Petition, or, if so, the relief requested in any such response was denied for the

---

[1] The Debtors are: GASFRAC Energy Services Inc., GASFRAC Services GP Inc., GASFRAC US Holdings Inc., GASFRAC Energy Services Limited Partnership, GASFRAC Inc., and GASFRAC Energy Services (US) Inc.

reasons stated on the record, and further finds that the relief requested in the Petition should be GRANTED. All terms not otherwise defined herein shall have the meanings provided in the Petition. In connection therewith and after due deliberations and sufficient cause appearing, this Court finds and concludes as follows:

A. The "**Debtors**" are the following six entities: GASFRAC Energy Services Inc. ("**GESI**"), GASFRAC Services GP Inc. ("**GSGP**"), GASFRAC US Holdings Inc. ("**Holdings**"), GASFRAC Energy Services Limited Partnership ("**GES LP**"), GASFRAC Inc. ("**GI**"), and GASFRAC Energy Services (US) Inc. ("**GESI US**").

B. On January 14, 2015, the Debtors filed applications for the commencement of reorganization proceedings ("**Canadian Proceedings**") pursuant to the Companies' Creditors Arrangement Act ("**CCAA**") in the Court of Queen's Bench of Alberta, Judicial Centre of Calgary (the "**Canadian Court**").

C. On January 15, 2015, the Canadian Court granted an Initial Order for relief in the Canadian Proceedings, as amended and supplemented by the following orders in the Canadian Proceedings: (i) the Financial Advisor Order dated January 16, 2015, (ii) the Limited KERP Order dated January 21, 2015, (iii) the Stay Extension Order dated January 23, 2015, (iv) the D&O Charge Order dated January 23, 2015, (v) the Amendment to Initial Order dated January 23, 2015 (as amended and supplemented, the **"Initial Order"**).

D. Also, on January 15, 2015, the Canadian Court appointed EY as the Monitor of the Canadian Proceedings under the Initial Order.

E. As outlined for the Court at the hearing on January 16, 2015, PNC Bank Canada (**"PNC"**) agreed to continue financing the Debtors pursuant to the terms of the Loan Documents as modified by the Forbearance Agreement in the Canadian Proceedings.

F. PNC and Debtors have now reached an agreement for continued financing under the terms of a Forbearance Agreement filed under seal in the Canadian Proceedings. The Canadian Court approved the Forbearance Agreement in the Stay Extension Order dated January 23, 2015.

G. As a result, PNC is entitled to a continuing lien and security interest in the Debtors' post-petition assets located in the United States (the **"Replacement Lien"**) of the same kind, type and nature as PNC's collateral existing as of the date of the filing of the Petition for Recognition to secure the prepetition indebtedness due to PNC and post-petition financing and related obligations provided by PNC in accordance with the terms of the Forbearance Agreement.

H. PNC is also entitled to adequate protection of its interest in the assets in the United States securing PNC's prepetition indebtedness and post-petition financing (collectively, the **"PNC Collateral"**) from any diminution in value resulting from (i) the use of PNC's cash collateral (as defined in Section 363(a) of the Bankruptcy Code), (ii) the use, sale or lease of the PNC Collateral, and (iii) the Charges imposed upon the PNC Collateral by the Initial Order, as amended and restated.

I. Accordingly, the Debtors have agreed, in their reasonable business judgment to provide both the Replacement Liens and the adequate protection to PNC as set forth in this Order, which terms and conditions are fair and reasonable and were negotiated in good faith and at arm's length.

J. In the United States, the Debtors utilize a full dominion of funds cash management system (including the use of lock boxes in both Canada and the United States for receipt of cash collateral) at PNC. Permitting the cash management system to continue under the existing agreements with PNC will facilitate the continued operations of the Debtors as a going concern.

K. Likewise, permitting the Debtors to pay prepetition employee wages as provided by the Initial Order will further facilitate the Debtors' continued operations.

L. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and Sections 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

M. Venue is proper in this district pursuant to 28 U.S.C. § 1410(3).

N. The Monitor is a person within the meaning of Section 101(41) of the Bankruptcy Code and is the duly appointed foreign representative of the Debtors within the meaning of Section 101(24) of the Bankruptcy Code.

O. This case was properly commenced pursuant to Sections 1504 and 1515 of the Bankruptcy Code.

P. The Canadian Proceedings are foreign proceedings within the meaning of Section 101(23) of the Bankruptcy Code.

Q. The Canadian Proceedings are entitled to recognition by this Court pursuant to Section 1517 of the Bankruptcy Code.

R. The Canadian Proceedings are entitled to recognition as a foreign main proceeding pursuant to Section 1502(4) of the Bankruptcy Code and are entitled to recognition as a foreign main proceeding pursuant to Section 1517(b)(1) of the Bankruptcy Code. The Debtors' centers of main interests are in Canada.

S. The Monitor is entitled to the relief afforded under Section 1520 of the Bankruptcy Code.

T. There is a substantial likelihood that with the relief granted herein, the Debtors, with the Monitor's assistance will be able to successfully complete restructuring or sale as a going concern under the provisions of the CCAA in the Canadian Proceedings, which will benefit all stakeholders.

U. Relief is needed to protect the assets of the Debtors or the interests of the creditors pursuant to 11 U.S.C. § 1521. Therefore, the Monitor is entitled to the additional relief afforded under Section 1521 of the Bankruptcy Code (the "**1521 Relief**").

V. There is a substantial threat of irreparable injury if the 1521 Relief is not issued. The Debtors are attempting to sell their assets or otherwise restructure in the Canadian Proceedings. If the 1521 Relief is not ordered, the sale or restructuring could be jeopardized.

W. Any threatened injury to the Debtors outweighs any damage the injunction might cause to the opponents. The 1521 Relief would actually benefit the Debtors' creditors by ensuring an equitable and orderly distribution of assets and facilitate the Canadian Proceedings.

X. The 1521 Relief will not disserve the public interest. The 1521 Relief is in the public interest. It sets to facilitate a cross-border reorganization that will provide a benefit to the estates of the Debtors. The 1521 Relief is supported by notions of comity and will allow the Debtors to craft a productive solution for their estates.

Y. As a result, the Monitor, in its role as foreign representative of the Debtors, and the Debtors, are entitled to the full protections and rights available pursuant to Section 1521 of the Bankruptcy Code.

Z. The relief granted is necessary and appropriate, in the interest of the public and international comity, consistent with the United States public policy, and will not cause any hardship to any party in interest that is not outweighed by the benefits of granting the requested relief.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS**

1. The Canadian Proceedings are hereby recognized as foreign main proceedings pursuant to Section 1517 of the Bankruptcy Code.

2. The terms of the initial order granted in the Canadian Proceedings under the CCAA on January 15, 2015, as amended and supplemented by (i) the Financial Advisor Order dated January 16, 2015, (ii) the Limited KERP Order dated January 21, 2015, (iii) the Stay Extension Order dated January 23, 2015, (iv) the D&O Charge Order dated January 23, 2015, (v)

the Amendment to Initial Order dated January 23, 2015 (as amended and supplemented, the "**Initial Order**") are given full force and effect in the United States.

3. The Monitor is granted all of the relief afforded under Section 1520 of the Bankruptcy Code except for those powers set forth in Section 1520(a)(3), which shall remain with the Debtors, including the following:

(a.) Sections 361 and 362 of the Bankruptcy Code apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.

(b.) Sections 363, 549 and 552 of the Bankruptcy Code apply to a transfer of an interest of the Debtors in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate.

(c.) Section 552 of the Bankruptcy Code applies to property of the Debtors that is within the territorial jurisdiction of the United States.

4. Pursuant to Section 1524 of the Bankruptcy Code, the Monitor may intervene in any proceeding in a State or Federal court in the United States in which a Debtor is a party.

5. Pursuant to Section 1523(a) of the Bankruptcy Code, the Monitor has standing in a case concerning any of the Debtors pending under another chapter of this title to initiate actions under sections 522, 544, 545, 547, 548, 550, 553 and 724(a).

6. The following additional relief is granted pursuant to Section 1521 of the Bankruptcy Code:

(a.) The commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Debtors, including any action or proceeding against EY in its capacity as Monitor of the Debtors, to the extent not stayed under Section 1520(a) of the Bankruptcy Code, is hereby stayed;

(b.) Execution against the assets of the Debtors to the extent not stayed under Section 1520(a) of the Bankruptcy Code is hereby stayed;

(c.) The administration or realization of all or part of the assets of the Debtors within the territorial jurisdiction of the United States is hereby

    entrusted to the Debtors, and the terms of the Initial Order shall apply to the Debtors, its creditors, the Monitor, and any other parties-in-interest;

(d.)  The right of any person or entity, other than the Debtors or EY, to transfer or otherwise dispose of any assets of the Debtors to the extent not suspended under Section 1520(a) of the Bankruptcy Code is hereby suspended unless authorized in writing by the Debtors or by Order of this Court.

(e.)  The Monitor may undertake the examination of witnesses, the taking of evidence, the production of documents, or the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtors.

(f.)  Nothing in this Order shall be deemed to entrust or otherwise vest the Debtors or its assets to the Monitor. The terms of the Initial Order to expressly govern the rights and responsibilities of the Monitor as foreign representative in this foreign main proceeding.

(g.)  Notwithstanding Rule 7062 of the Bankruptcy Rules, made applicable to this case by Rule 1018 of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and, upon its entry, shall become final and appealable.

7.  The provisions of Paragraphs 6(a) and 6(b) of this Order shall not apply to PNC Bank.

8.  PNC is entitled to a continuing lien and security interest in all of the Debtors' post-petition assets located in the United States to secure the post-petition financing provided by PNC to the Debtors and related obligations. Accordingly, PNC is hereby granted valid, binding, enforceable and perfected liens and security interests on Debtors' post-petition assets located in the United States of the same kind, type, priority and nature as PNC's liens existing as of the date of the filing of the Petition for Recognition.

9.  PNC is further entitled to adequate protection for its interest in the PNC Collateral from any diminution in value resulting from (i) the use of the Cash Collateral, (ii) the use, sale or lease of the PNC Collateral, and, (iii) the Charges imposed upon the PNC Collateral by the Initial

Order, as amended and restated. Accordingly, PNC is hereby granted valid, binding, enforceable and perfected liens and security interests (the "**Adequate Protection Liens**") in all assets of the Debtors in the United States to secure the amount of their indebtedness (the "**Adequate Protection Claim**") equal to any diminution in the value of their interests in the PNC Collateral subsequent to the date of the filing of the Petitions for Recognition resulting from the use of the Cash Collateral, the use, sale or lease of the PNC Collateral, and the Charges imposed upon the PNC Collateral by the Initial Order, as amended and restated, whether incurred before or after the Petition Date. Nothing herein shall prejudice, impair or otherwise affect the rights of PNC to seek any other or supplemental relief (retroactive to the petition date) in respect of their adequate protection rights.

10. Debtors are authorized and empowered to (i) maintain and continue to use, with the same account numbers, all of its existing bank accounts at depository institutions in the United States (the "Bank Accounts"); (ii) treat the Bank Accounts for all purposes as debtor-in-possession accounts; (iii) maintain and continue to use its existing business forms, stationery and checks, all without the appellation "debtor-in-possession"; and (iv) preserve the reporting and accounting mechanisms used by the Debtors in respect of the Bank Accounts.

11. Debtors are authorized to maintain its existing consolidated cash management system, to allow receipt and sending of transfers via the ACH or automatic clearing house system and by wire transfer (collectively, the "Cash Management System"), all subject to the terms and conditions of Debtor's prepetition agreements with its depository institutions (including the right to pay all pre-petition and post-petition administrative fees associated with such Bank Accounts and Cash Management System), provided however that no prepetition obligations of any kind to be paid except as authorized hereby.

12. Debtors are authorized to pay the pre-petition wages of employees as provided by the Initial Order.

13. Pursuant to 11 U.S.C. § 1521(a)(6), to the extent not superseded by this Order, the findings and relief granted in that certain *Order Granting Monitor's Emergency Ex Parte Application for Temporary Restraining Order And, After Notice And a Hearing, Preliminary Injunctive Relief, Pursuant to Sections 105(a) and 1519 of the Bankruptcy Code* will continue in full force until otherwise ordered by the Court.

14. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 foreign proceedings, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court. The relief provided herein shall survive the termination of the Canadian Proceedings subject to further order of this Court after notice and hearing.

15. If the Monitor has not already filed a copy of the Initial Order and all amendments thereto with this Court, the Monitor shall do so within ten days of the entry of this Order.

16. The security provision provided in Rule 65(c) of the Federal Rules of Civil Procedure, made applicable through Rule 7065 of the Bankruptcy Rules, is unnecessary in this case and is therefore waived.

17. This Order applies to all parties in interest in this Chapter 15 case and all of their agents, employees, and representatives, and all those who act in concert with them who receive notice of this Order.

# # #

Submitted by:

Steve A. Peirce
State Bar No. 15731200
steve.peirce@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
300 Convent Street, Suite 2100
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205

COUNSEL FOR CANADIAN MONITOR

DETROIT 37890-37 1339226v5